## THE NORTHERN NO. 41 (two cases).

(District Court, S. D. Florida. February 28, 1924.)

Nos. 1513, 1561.

United States ☞76—May have status of preferred mortgagee under Ship Mortgage Act; "citizen."

While the United States is not a "citizen of the United States," within the meaning of Ship Mortgage Act, § 30, subsec. D, a (5), being Comp. St. Ann. Supp. 1923, § 8146½kkk, under the rule that the sovereign may take the benefit of an act, though not named therein, the United States may have the status of a preferred mortgagee under said section.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Citizen.]

In Admiralty. Suits by the Norfolk Shipbuilding & Dry Dock Corporation and by the United States against the barge Northern No. 41, consolidated. On exceptions to libel of United States. Overruled.

Kay, Adams & Ragland, of Jacksonville, Fla., for Norfolk Shipbuilding & Dry Dock Corporation.

Wm. M. Gober, U. S. Atty., of Tampa, Fla., and Maynard Ramsey, Asst. U. S. Atty., of Jacksonville, Fla.

CALL, District Judge. This cause comes on to be heard upon exceptions to the libel filed by the United States in case No. 1561 above, seeking a foreclosure of its mortgage on the vessel as a preferred mortgage within the meaning of the Ship Mortgage Act of 1920. Fed. Stats. Ann. Supp. 1920, p. 252 (Comp. St. Ann. Supp. 1923, § 8146¼kk et seq.). Cases 1513 and 1561 were by order of court consolidated. Exceptions were filed to the libel of the United States, challenging the right of libelant to subject the proceeds of the sale of the vessel in the registry of the court to the payment of its claim as preferred under the above act.

Subsection D, (A), reads:

"A valid mortgage which, at the time it is made includes the whole of any vessel of the United States of 200 gross tons and upwards, shall in addition have, in respect to such vessel and as of the date of the compliance with all the provisions of this subdivision, the preferred status given by the provisions of subsection M. if * * * (5) the mortgagee is a citizen of the United States." Comp. St. Ann. Supp. 1923, § 8146¼kkk.

Subsection M prescribes what liens are paramount to such preferred mortgage. The only question raised by certain of the exceptions is: Does the United States, the mortgagee in this case belong to the class in (5) of subsection D? Is it "a citizen of the United States"?

The decision of this question hinges upon the meaning of the word "citizen." Section 37 of the act provides that the word "citizen" of the United States shall have the meaning assigned to it by sections 1 and 2 of the Shipping Act of 1916. Section 2 of that act (Fed. Stats. Ann. Supp. 1918, p. 786 [Comp. St. Ann. Supp. 1919, § 8146aa]), reads as follows:

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"Sec. 2. (*Corporation, etc., as Citizen—Applicability of Act to Receivers and Trustees—Controlling Interest in Corporation—Alien Ownership.*) That within the meaning of this act no corporation, partnership, or association shall be. deemed a citizen of the United States unless the controlling interest therein is owned by citizens of the United States, and, in the case of a corporation, unless its president and managing directors are citizens of the United States and the corporation itself is organized under the laws of the United States or of a state, territory, district, or possession thereof.

"The provisions of this act shall apply to receivers and trustees of all persons to whom the act applies, and to the successors or assignees of such persons.

"The controlling interest in a corporation shall not be deemed to be owned by citizens of the United States (a) if the title to a majority of the stock thereof is not vested in such citizens free from any trust or fiduciary obligation in favor of any person not a citizen of the United States; or (b) if the majority of the voting power in such corporation is not vested in citizens of the United States; or (c) if through any contract or understanding it is so arranged that the majority of the voting power may be exercised, directly or indirectly, in behalf of any person who is not a citizen of the United States; or (d) if by any other means whatsoever control of the corporation is conferred upon or permitted to be exercised by any person who is not a citizen of the United States."

The section was amended by the Act of July 15, 1918, by adding the last paragraph relating to the control of corporations. The first paragraph negatively defines what corporations, partnerships, or associations are citizens. The word "citizen," as applied to the individual, is not attempted to be defined by the act. Therefore I take it that the word "citizen," as used in subdivision (5) of subsection D, was used by Congress in its ordinarily understood meaning. The Standard Dictionary defines "citizen" to mean:

"A member of a nation or sovereign state, especially of a republic; one who owes allegiance to a government and is entitled to protection from it."

Tested by this definition, the United States, as a body politic, cannot be a citizen of the United States.

It is, however, urged in support of the claim of libelant the government may sustain its claim, although not a "citizen," for the reason that the sovereign is not bound by a law unless specially mentioned in it. As said by Mr. Justice Strong, in Savings Bank v. United States, 19 Wall. 239 (22 L. Ed. 80):

"It is a familiar principle that the king is not bound by any act of Parliament unless he be named therein by special and particular words. The most general words that can be devised (for example, any person or persons, bodies politic or corporate) affect not him in the least, if they may tend to restrain or diminish any of his rights and interests," quoting from Magdelen College Case, 11 Reports, 74. "He may even take the benefit of any particular Act though not named," quoting from 7 Reports, 72, and Potter's Dwarris on Statutes, 151. "The rule thus settled respecting the British crown is equally applicable to this government, and it has been applied frequently in the different states and practically in all the federal courts. It may be considered as settled that so much of the royal prerogatives as belonged to the king in his capacity of parens patriæ, or universal trustee, enters as much into our political state as it does into the British Constitution."

A portion of the above language is quoted approvingly by Mr. Justice Hughes in U. S. v. Chamberlin, 219 U. S. 261, 31 Sup. Ct. 155, 55 L. Ed. 204.

The act of Congress was passed for the double purpose of fostering a merchant marine and to enable the government, through the Shipping Board, to dispose of the ships acquired by it during the World War, and then in charge of the Shipping Board under the acts of Congress, and to secure to the government security for the deferred payments on vessels sold to private parties for operation; and to accomplish this double purpose Congress provided that mortgages of vessels complying with certain requirements therein contained should be maritime liens and enforceable by proceedings in rem, an absolute departure from the maritime law as theretofore existing. The mortgage in the instant case falls under this class in all respects, except as to the citizenship of the mortgagee. If the language quoted by Justice Strong above be applied to the instant case, and the government may take the benefit of the statute, though not named therein, then the exceptions predicated on the ground that the libelant is not a citizen should be overruled. The act is not prohibitory on the government.

The constitutionality of the law was upheld in The Oconee (D. C.) 280 Fed. 927, and I do not think the exceptions predicated on that ground are well taken.

An order will be entered, overruling the exceptions.